UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILFREDO MONTIEL FUENMAYOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00293-JRS-MJD |
| | ) | |
| BRISON SWEARINGEN in his capacity as | ) | |
| Official jailer of Clay County Detention Center, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Noncitizen Wilfredo Montiel Fuenmayor petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Jail, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court **denies** Mr. Montiel Fuenmayor's petition.

**I. Facts**

Mr. Montiel Fuenmayor alleges in his amended petition that he is a Venezuelan national and that he entered the United States without inspection in 2023. He alleges that on March 8, 2026, Indiana State Police arrested him and handed him over to ICE. He further asserts that he is now in ICE custody at the Clay County Jail and has not received a bond hearing. Dkt. 8 ¶¶ 16–18.

Documentary evidence tendered by the respondents demonstrates that Mr. Montiel Fuenmayor's version of the facts is incomplete.

Mr. Montiel Fuenmayor is a Venezuelan national, and he entered the United States in 2023. However, he presented for inspection at the Nogales Port of Entry. Dkt. 12-1 at 1. Immigration officials deemed Mr. Montiel Fuenmayor inadmissible and initiated removal proceedings but

granted him parole and permitted him to enter the United States. *Id.* His parole expired in February 2024. *Id.* at 9.

On March 8, Indiana State Police contacted ICE after pulling Mr. Montiel Fuenmayor over for a traffic violation in Sullivan County. *Id.* at 8. Immigration Officer Raven issued an administrative warrant "command[ing]" that Mr. Montiel Fuenmayor be taken into federal custody under 8 U.S.C. § 1226. *Id.* at 12. He was placed in ICE custody at the Clay County Jail on March 9, and he remains there. *Id.* at 8.

On April 29, Immigration Judge Akash Vyas ordered Mr. Montiel Fuenmayor removed from the United States. *Id.* at 13–16. The time to appeal that order has not passed.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Montiel Fuenmayor argues that his detention violates the Fifth Amendment's due process clause because the government has deemed him subject to mandatory, indefinite detention without possibility of release on bond. Dkt. 8 ¶¶ 19–23.

Mr. Montiel Fuenmayor bases his due process argument at least in part on his assertion that he was apprehended inside the United States after entering without inspection. *Id.* ¶ 19. He cites no case law to support his due process claim.

The respondents argue that Mr. Montiel Fuenmayor's detention is governed by 8 U.S.C. § 1225(b)(2)(A) because he was granted parole as an arriving alien and because his parole expired before his arrest. Dkt. 12. They argue that the statute subjects him to mandatory detention through the administrative conclusion of his removal proceedings. *Id.*

Mr. Montiel Fuenmayor did not file a reply brief, and the time to do so has passed.

2

Whether a former parolee arrested in the interior of the United States is eligible for discretionary release under § 1226(a) or subject to mandatory detention under § 1225(b)(2)(A),[1] and whether a § 1225(b)(2)(A) detainee has a due process claim against indefinite detention,[2] are hardly questions of settled law. Nevertheless, a "habeas petitioner generally bears the burden of proof." *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995); *see also United States ex rel. Bilyew v. Franzen*, 686 F.2d 1238, 1247 n.3 (7th Cir. 1982) ("Ordinarily in a habeas corpus proceeding, the burden of proof is on the petitioner to show that his conviction is illegal."). Further, "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

Mr. Montiel Fuenmayor's bare-bones petition—written and filed by an attorney—relies on an incomplete factual recital and an undeveloped legal argument with no citation to authority. When the respondents answered the petition with a robust evidentiary record and responsive legal argument, Mr. Montiel Fuenmayor's counsel declined to reply and advocate for relief under the facts as they are documented. He has not carried his burden of demonstrating that his detention violates the Constitution and laws of the United States.

---

[1] *Compare, e.g.*, *Crow Yandun v. Swearingen*, No. 2:26-cv-00219-MPB-MKK, dkt. 10 at *5–6 (S.D. Ind. Apr. 17, 2026) ("After Mr. Crow's parole expired, the government subjected him to a reporting requirement but did not detain him. When the government eventually arrested Mr. Crow, it did so subject to a warrant citing § 1226. Given the government's treatment of Mr. Crow, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release."), *with Estebesov v. Olson*, No. 26-CV-1165, 2026 WL 1229622, at *2 (N.D. Ill. May 5, 2026) ("When Petitioner's parole terminated, then, he was (and continues to be) an arriving alien who is subject to mandatory detention under § 1225(b).").

[2] *See Leonteva v. Noem*, No. 4:26-cv-00043-SEB-KMB, dkt. 10, at *13–14 (S.D. Ind. Mar. 13, 2026) (collecting cases).

### III. Conclusion

The petition for a writ of habeas corpus is **denied**. This ruling does not preclude Mr. Montiel Fuenmayor from again seeking habeas corpus relief from his immigration detention should a material change in facts or passage of time raise the availability of a different legal basis for relief. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 06/04/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rania Attum
rania@attumlaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

4